ROBERT C. CARDWELL AND CHARILYN J. CARDWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cardwell v. Commissioner
Docket No. 10991-77.
United States Tax Court
T.C. Memo 1982-453; 1982 Tax Ct. Memo LEXIS 297; 44 T.C.M. (CCH) 729; T.C.M. (RIA) 82453; August 4, 1982. *297 Held: Petitioner, a primary schoolteacher, is not entitled to an employee business expense deduction under section 162(a) for expenses attributable to the purchase of a newspaper subscription, a camera and an aircraft. Robert C. Cardwell, pro se. Wayne R. Appleman, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $2,625 in petitioners' Federal income tax for 1975. After concessions by both parties the issue remaining for decision is whether petitioners are entitled to deduct *298 employee business expenses totaling $7,944.82. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the attached exhibits are incorporated herein by this reference. The petitioners resided in Palmer, Alaska, at the time they filed their petition in this proceeding. Petitioners timely filed a joint Federal income tax return for the 1975 taxable year. Petitioner [1] is a certified elementary schoolteacher and taught the fifth grade class in Palmer, Alaska, during 1975. His duties consisted of teaching science, history, language arts and English as well as supervising certain extracurricular activities. Petitioner purchased a Minolta 35-millimeter camera with *299 a wideangle lens in 1975 for $487.29. He used the camera at school for the purpose of obtaining a "pictorial record" of the students' participation in both extracurricular activities and in classroom work. The camera was also used to take photographs for the school yearbook and in the teaching of darkroom techniques in his science class. Although the school had at some prior time owned its own camera it had been stolen and was not replaced.Mr. Cardwell was not required by the school to purchase a camera and did not seek or receive reimbursement for its cost.
Petitioner worked for the school in Palmer for 3 school years (i.e., from the fall of 1974 to the spring of 1977) and then transferred to another school. Petitioner took the camera with him when he left the school in Palmer in 1977. The camera was still in operating condition at the time of the theft. Petitioner deducted the purchase price of the camera on his 1975 return as an employee business expense. Petitioner purchased a subscription to the Anchorage Times for $102.53. The newspaper was delivered to his home. Petitioner deducted this amount as an employee business expense on his 1975 return. Mr. Cardwell taught *300 a "mini-course" in aviation during the fall of 1975. On August 25, 1975, petitioner purchased a 1956-1957 model Cessna 172 single-engine aircraft. The Cessna 172 seats four people including the pilot.Mr. Cardwell had previously taken flying lessons and received his pilot's license in 1966. Petitioner flew the airplane 29 times during 1975 after the initial purchase flight for a total of 15.65 hours of flying time. He took students on flights in the Cessna five times during 1975; twice on November 22, 1975, and three times on November 23, 1975, for a total flying time of 2.66 hours. The purchase price of the airplane was $6,500. Petitioner paid $1,000 toward the purchase price and borrowed the remaining $5,500. The petitioner owed the lender a total of $6,588.36 in principal and interest which was to be repaid over a period of 36 months in installments of $183.01. Petitioner claimed a deduction of $7,474.74 on his 1975 Federal income tax return as employee business expenses relating to the airplane. This figure included all the expenses incurred by petitioner in maintaining and operating the airplane during 1975. (1) Investment tax credit
$ 650.00 (2) Payment on purchase contract [2]
1,784.04 (3) Heater
16.71 (4) Tie down
90.00 (5) Purchase taxes
88.00 (6) Insurance
442.68 (7) Flight review
27.00 (8) Rope
8.71 (9) Manual
6.00
(10) Wax
7.50
(11) Gas and oil
99.13
(12) Pre-heat
33.42
(13) Interest [3]
1,061.36
(14) Depreciation [4]
3,250.00
[5] $7,564.55
*301 Petitioner sold the airplane in 1977 for $7,000. Mr. Cardwell received an annual salary of $17,330 for the 1975-1976 school year. He was neither required by his employer to purchase the airplane nor reimbursed for its expense. An airplane comparable to the one purchased by petitioner rented for approximately $25 to $27 per hour during 1975. In the statutory notice of deficiency dated September 27, 1977, respondent disallowed the claimed deductions relating to the purchase of the camera, [6] the airplane, and the subscription to the Anchorage Times on the basis that it had not been established that the purchase of such items constituted an ordinary and necessary business *302 expense under section 162(a). OPINION Section 162(a) [7] provides in pertinent part that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." The term "ordinary" has consistently been given the connotation of normal, usual, or customary in the particular field of business involved. There is no precise definition of the term; rather, it is a variable affected by time, place and circumstance. The term "necessary" has been interpreted to mean appropriate and helpful in the development of the taxpayer's business. Welch v. Helvering,290 U.S. 111 (1933); Deputy v. DuPont,308 U.S. 488 (1940). A remote or incidental business connection is not sufficient. Stolk v. Commissioner,40 T.C. 345, 357 (1963), affd. per curiam in open court 326 F.2d 760 (2d Cir. 1964); Larrabee v. Commissioner,33 T.C. 838, 843 (1960). In addition, a business expenditure must be reasonable *303 in amount relative to its purpose. United States v. Haskal Engineering & Supply Co.,380 F.2d 786, 788 (9th Cir. 1967). Personal, living or family expenses are not deductible. Section 262. Whether the expenditures at issue meet the requirements of section 162(a) is a question of fact and the burden of proof is upon the petitioner. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure. After careful consideration of the record, we are unable to find that petitioner has sustained the burden as to any of the disallowed deductions. The essential facts are undisputed. As a primary schoolteacher Mr. Cardwell earned a total salary of $17,330 for the 1975-1976 school year. During 1975 petitioner purchased an aircraft for $6,500, a camera for $487.29 and a subscription to the Anchorage Times for $102.53. He claimed corresponding deductions for those items on his 1975 Federal income tax return as employee business expenses in the amounts of $7,474.74, $487.29, and $102.53, respectively. Petitioner *304 was neither required to purchase these items by his employer nor reimbursed for their expense. See Stemkowski v. Commissioner,76 T.C. 252, 307 (1981); on appeal (2nd Cir., Nov. 5, 1981; 4th Cir., Nov. 10, 1981). While Mr. Cardwell did use the 35-millimeter camera for taking pictures of various school activities, we are unable to conclude that the camera itself was an ordinary and necessary business expense. Rather, the facts suggest that the camera was an item of personal property which was occasionally used in connection with petitioner's employment. We reach the same conclusion with regard to petitioner's subscription to the Anchorage Times. The newspaper was delivered to the Cardwells' home and the only testimony connecting this expense with Mr. Cardwell's employment was a general and vague reference to discussing current events and the importance of having a newspaper in the classroom. We are unable to conclude on the basis of this nonspecific testimony that respondent's disallowance of this expense was in error. Petitioner's testimony relating to the claimed deduction for the airplane is even less persuasive. Mr. Cardwell would have us believe that *305 this claimed deduction of $7,474.74 [8] qualifies as an ordinary and necessary business expense because it better enabled him to teach a mini-course in aviation to fifth grade students. Again we note that petitioner was not required to purchase the aircraft nor reimbursed for its cost by his employer. Students were passengers in the aircraft for only 2.66 hours of the 15.65 hours of flight time logged in 1975. [9] While no doubt the students enjoyed and benefited from the opportunity to fly in Mr. Cardwell's airplane we are unable to find that the claimed expenses are proximately related to the conduct of petitioner's business. At best, there was only an incidental connection. Stolk v. Commissioner,supra.In addition, the claimed expenditures are clearly unreasonable in amount relative to the claimed business purpose. United States v. Haskal Engineering & Supply Co.,supra.
*306 In summary, we are not convinced that there was any substantial connection between the purchase of the camera, the aircraft or the newspaper subscription and Mr. Cardwell's employment as a fifth grade schoolteacher. [10] Accordingly, respondent's determination is sustained. *307 Decision will be entered under Rule 155.
Footnotes
1. Inasmuch as the deductions in question relate solely to the employment of Robert C. Cardwell (and Charilyn J. Cardwell is a party to this proceeding solely because she signed a joint tax return with her husband), we will hereinafter refer to him as the petitioner. Although petitioner briefly mentioned that the claimed deductions also related to his wife's employment as a teacher, no evidence was presented concerning Mrs. Cardwell's use of the items in her business.↩
2. This amount included the initial $1,000 down payment, four monthly payments of $183.01 and a $52 appraisal and filing fee. ↩
3. This amount represented the total amount of interest due on the borrowed money for the entire 3-year period of the contract. ↩
4. The depreciation was figured on the basis of a 2-year useful life. ↩
5. Although the correct total of the expenses listed by petitioner is $7,564.55, petitioners claimed a deduction of $7,474.74. The discrepancy in the figures is not explained.↩
6. On brief, respondent conceded the deductibility of the expense incurred for the purchase of film in the amount of $95.18.↩
7. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
8. We note that the claimed deduction for expenses relating to this aircraft exceeds the total purchase price of $6,500 and that it was sold in 1977 for $7,000.↩
9. The other hours of flight time were apparently spent with family and friends. Petitioner obviously used the airplane primarily for personal enjoyment.↩
10. Petitioner's position at trial and on brief was that neither the Commissioner nor this Court (as agents of the Federal government) has the authority to determine whether the claimed expenditures qualify as deductible business expenses for Federal tax purposes because responsibility for education has been delegated to the states. Therefore, petitioner concludes, as an employee of the local school district he is entitled to determine what are appropriate teaching "tools" free from Federal interference (i.e., taxation). The errors in petitioner's logic are too numerous to list. Suffice it to say that we are not evaluating the public school curriculum or stating that the disputed items should not be used by petitioner in connection with his work. Rather, we are merely concluding that the evidence shows that petitioner purchased the camera, newspaper subscription, and the airplane for personal purposes and only incidentally used them in connection with his employment. While it is laudable that petitioner did to some extent use these items as teaching "tools" we are unable to conclude that for Federal income tax purposes (the interpretation of which is solely a Federal function), petitioner is entitled to a deduction for the purchase of these items as an ordinary and necessary business expense. Because of our conclusion regarding the nondeductible nature of these items we do not reach respondent's further arguments concerning the capital nature of the airplane and the camera, the duplication of certain deductions relating to the airplane and the claimed investment tax credit.↩